IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05- CV-453

| | |
|---|---|
| MARCELL HINES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOANNE B. BARNHART, )<br>Commissioner Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Plaintiff's "Motion for Summary Judgment" (Document No. 12) and "Plaintiff's Memorandum in Support of Motion for Summary Judgment" (Document No. 13), filed March 10, 2006, and the Defendant's "Motion for Summary Judgment (Document No. 14) and "Memorandum in Support of the Commissioner's Decision." (Document No. 15), filed April 20, 2006. This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the Court will **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

**I. PROCEDURAL HISTORY**

On January 31, 2003, Plaintiff applied for a period of disability, Social Security disability

insurance benefits and Supplemental Security Income, alleging that she became disabled on March 13, 2001 as a result of a car accident. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held May 5, 2005. On June 24, 2005 the ALJ issued an opinion denying Plaintiff's claim.

Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On October 11, 2005, the Appeals Council denied Plaintiff's request for review.

Plaintiff filed this action on October 26, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Id. (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by

substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to June 24, 2005, the Plaintiff became "disabled" as defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from right shoulder impingement, lumbar spondylosis/discogenic disorder, depressive disorder, and somatoform disorder, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets, or medically equals, one of the impairments listed in Appendix 1, Subpart P,

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity (RFC) to perform a significant range of light work which involves simple and repetitive tasks; lifting and carrying twenty pounds occasionally and ten pounds frequently with her left arm and ten pounds occasionally with her right arm; standing or walking for six hours in an eight hour workday; sitting for up to eight hours in an eight hour workday when she was allowed to periodically alternate between sitting and standing; that Plaintiff is restricted from frequent reaching, pushing or pulling with the right arm and is restricted from unprotected heights; that Plaintiff is not able to return to her past relevant work; but that, based upon her residual functional capacity, Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends that the ALJ erred in failing to properly determine her residual functional capacity by not performing a function-by-function analysis of Plaintiff's RFC and failing to consider her obesity. In addition, Plaintiff contends that the ALJ failed in assessing the credibility of her subjective complaints with respect to the severity of the limitations caused by her impairments. Furthermore, Plaintiff contends that the ALJ failed to consider the combined effect of all her impairments and failed to consider all the evidence from the record.

However, the Commissioner has put forth relevant evidence, medical opinions, and medical evidence which supports the ALJ's assessment of the Plaintiff's RFC. Additionally, the Commissioner argues that allegations of pain need not be accepted "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment..." Mickles v. Shalada, 29 F. 3d 918, 927 (4 Cir. 1994). Furthermore, the Commissioner

contends that the ALJ's analysis demonstrates that he gave sufficient consideration to the combined effect of the Plaintiff's impairments based on the ALJ's noted remarks.

Based on the foregoing, the undersigned concludes that substantial evidence supports both the ALJ's findings that the Plaintiff's impairments did not meet a listed impairment and that Plaintiff is not disabled for Social Security purposes.

**IV. ORDER**

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Plaintiffs "Motion for Summary Judgment" (Document No. 12), filed March 10, 2006, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document No. 14), filed April 20, 2006, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: June 26, 2007

Graham C. Mullen
United States District Judge